**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

———

**Glenn M. Boza,**

                Plaintiff,

v.                                                                   No. CV-08-00908 BB/LFG

**Michael B. Donley, Secretary,
United States Air Force,**

                Defendant**.**

## MEMORANDUM OPINION

THIS MATTER comes before the Court on Defendant's April 6, 2009 motion to dismiss, or in the alternative, for summary judgment. [Document #12]. After reviewing the motion, response, reply, and relevant law, this Court finds that Defendant's motion to dismiss should be GRANTED.

**I. BACKGROUND**

    **A.**    **Facts and Procedural Posture**

Plaintiff, Glenn Boza, was employed by the Kirtland Air Force base in Albuquerque, New Mexico from March 22, 2004 until February 11, 2008. [Document #12 at 2] On February 11, Plaintiff received a Notice of Decision to Remove, and a Last Chance Agreement ("LCA"). [*Id.*] The notice informed him that his position would be terminated unless he signed the LCA within seven days. [*Id.*] The notice also informed him that if he did not sign the LCA, the effective date

of his removal would remain February 11, 2008. [*Id.*] Plaintiff did not sign the LCA, thus the effective date of his removal was February 11, 2008. [*Id.*]

On March 24, Plaintiff challenged his removal by filing a mixed-case appeal with the Merit Systems Protection Board ("MSPB").[1] He raised the affirmative defenses of race, national origin, age, and disability discrimination. [Document #12 at 2] The MSPB dismissed his case due to untimely filing. [Document #14-2 at 4] This dismissal occurred on May 30, 2008. On October 5, 2008, ninety-four days later, Plaintiff filed this action. Defendant now moves to dismiss, or in the alternative, for summary judgement, arguing two independent grounds: first, Plaintiff untimely filed his mixed-case appeal with the MSPB. Second, Plaintiff untimely filed this action with the Court.

### B.   Mixed-Case Appeals Under the Civil Service Reform Act

The Civil Service Reform Act of 1978 ("CSRA") allows federal employees to challenge adverse employment actions. 5 U.S.C. §§ 1201-1222. If the adverse employment action is appealable to the MSPB[2] and related to unlawful discrimination,[3] the case is referred to as a

---

[1] The MSPB is an independent, quasi-judicial federal administrative agency created by Congress in 1978. *Garcia v. Dep't of Homeland Sec.*, 437 F.3d 1322, 1327 (Fed. Cir. 2006). Congress gave the Board the responsibility, inter alia, to adjudicate appeals of adverse personnel actions taken by a federal agency against its employees. *Id.*

[2] The MSPB has jurisdiction over appeals from specified agency employment actions, including demotions, suspensions, and removals of agency employees. 5 C.F.R. § 1201.3.

[3] Under 5 U.S.C. § 7702(a), mixed cases must allege discrimination prohibited by:
(i) section 717 of the Civil Rights Act of 1964 (42 U.S.C. 2000e-16),
(ii) section 6(d) of the Fair Labor Standards Act of 1938 (29 U.S.C. 206(d)),
(iii) section 501 of the Rehabilitation Act of 1973 (29 U.S.C. 791),
(iv) sections 12 and 15 of the Age Discrimination in Employment Act of 1967 (29 U.S.C. 631, 633a), or
(v) any rule, regulation, or policy directive prescribed under any provision of law described in clauses (i) through (iv) of this subparagraph.

"mixed case. " 5 C.F.R. § 1201.3; 29 C.F.R. § 1614.302(a); *e.g.*, *Williams v. Rice*, 983 F.2d 177, 179 (10th Cir. 1993). Under the CSRA, a federal employee may file a mixed-case complaint with the agency's Equal Employment Office ("EEO"), or a mixed-case appeal with the MSPB, but not both. 5 U.S.C. § 7702(a); 5 C.F.R. § 1201.151-57; 29 C.F.R. § 1614.302(b).

According to MSPB regulations, an agency employee wishing to challenge his removal must appeal within thirty days of the effective date of his removal, or of his receipt of the agency's decision, whichever is later. 5 C.F.R. § 1201.22(b). However, the MSPB may waive the time requirement for good cause. 5 C.F.R. § 1201.22(c). Here, both the effective date and receipt of notice occurred on February 11. (Document #14-2 at 2). Plaintiff filed his appeal forty-two days later, twelve days after the deadline. (*Id.*) The MSPB found no good cause for the delay[4] and dismissed Plaintiff's claim for untimely filing. (*Id.* at 4). U.S. district courts review *de novo* discrimination cases that are dismissed by the MSPB for untimeliness.[5]  5 U.S.C. § 7702(a)(1); 5 U.S.C. § 7703; 29 C.F.R. § 1614.310; *Harms*, 321 F.3d at 1008.

---

[4] Plaintiff contends that his counsel misunderstood the effective date of his removal, that his counsel was busy and training a new staff, and that any delays were *de minimis*. (Document #14-2 at 2-3). The MSPB held that Plaintiff failed to use due diligence in complying with the time requirements, so even *de minimis* delays would not be excused. (*Id.* at 3-4).

[5] Typically, the Federal Circuit has exclusive jurisdiction to review final decisions by the MSPB. 5. U.S.C. § 7703(b)(1). However, in mixed-case appeals, a federal district court has jurisdiction to review MSPB decisions. 5 U.S.C. § 7702(a)(1); 5. U.S.C. § 7703(b)(2); In the Second and Tenth Circuits, this is true even if the MSPB does not hear the merits of the case due to untimeliness. *Harms v. IRS*, 321 F.3d 1001, 1008 (10th Cir. 2003).

## II. DISCUSSION

### A. Plaintiff Must Exhaust Administrative Remedies Prior to Bringing Suit in Federal Court

The "exhaustion doctrine" is the well-established requirement that Plaintiffs bringing discrimination cases must exhaust administrative remedies before filing a civil suit. *See, e.g., Brown v. Gen. Servs. Admin.*, 425 U.S. 820, 832 (1976) (discussing exhaustion of administrative remedies under the Rehabilitation Act and Title VII). The exhaustion doctrine is equally applicable to discrimination suits filed by federal employees through the CSRA. *Downey v. Runyon*, 160 F.3d 139, 145 (2d Cir. 1998). To exhaust administrative remedies, federal employees bringing mixed cases must timely file with either their agency's EEO or the MSPB. 5 C.F.R. § 1201.154; 29 C.F.R. § 1614.310; *see also Harms*, 321 F.3d at 1009 ("Under the CSRA, a plaintiff must either file a timely mixed case appeal with the MSPB or a timely mixed case complaint with the agency's EEO department prior to bringing a civil action."); *Coffman v. Glickman*, 328 F.3d 619, 623-24 (10th Cir. 2003). Once Plaintiff chose to file a mixed-case appeal with the MSPB, he had to timely exhaust that remedy before appealing to federal court. *Harms*, 321 F.3d at 1009.

### B. To Exhaust his Administrative Remedies, Plaintiff Must Comply With MSPB Time Requirements, or Show Good Cause for Delay

To exhaust his administrative remedies, Plaintiff must file his mixed-case appeal according to the MSPB's time requirements. *Harms,* 321 F.3d at 1009**.** However, the Supreme Court has held and the Tenth Circuit has long recognized that administrative time requirements are subject to waiver, estoppel, and equitable tolling.[6] *Zipes v. Trans World Airlines*, 455 U.S.

---

[6] The Tenth Circuit distinguishes cases that do not *timely* exhaust administrative remedies, from cases that do not exhaust at all. While timeliness is subject to waiver, estoppel,

385, 393 (1982) (holding that EEOC time requirements are akin to a statute of limitations, and thus subject to waiver, estoppel, and equitable tolling); *Beaird v. Seagate Tech.*, 145 F.3d 1159, 1174-75 (10th Cir. 1998); *Richardson v. Frank*, 975 F.2d 1433, 1435 (10th Cir. 1991). MSPB time requirements also are subject to equitable tolling, if good cause is shown. *Harms*, 321 F.3d at 1009. Generally good cause to waive time requirements is narrowly construed, and exceptions to MPSB time requirements are no less narrow. *Id.* at 1006; *Biester v. Midwest Health Servs.*, 77 F.3d 1264, 1267 (10th Cir. 1996). Good cause to waive time requirements exists only when a plaintiff is actively misled or prevented from timely filing his complaint. *Montoya v. Chao*, 296 F.3d 952, 957 (10th Cir. 2002).

Here, Plaintiff did not file within the thirty-day deadline, but twelve days late. (Document #14-2 at 2). The MSPB found no good cause to excuse his late filing. Before the MSPB, Plaintiff's justifications for filing late were counsel's inability to meet with his client until twenty-three days before the deadline, counsel's miscalculation of the filing deadline, counsel's busy schedule, and counsel's new staff. (*Id.*). Plaintiff did not show he was actively misled or somehow prevented from complying with deadlines.

Before this Court, Plaintiff has presented no argument or evidence concerning his late filing with the MSPB.[7] Therefore the only reason Plaintiff has supplied for failing the MSPB

---

and equitable tolling, failure to exhaust at all is a complete bar to suit. *Jones v. UPS, Inc.*, 502 F.3d 1176, 1183 (10th Cir. 2007) (noting that, although a timely filing is not jurisdictional in nature, the filing itself is a jurisdictional requirement); *Sizova v. Nat'l Inst. of Stds. & Tech.*, 282 F.3d 1320, 1325 (10th Cir. 2002) (distinguishing "between a failure to timely file an administrative charge, which is not jurisdictional, and a failure to file an administrative charge at all, which is a jurisdictional bar."); *Jones v. Runyon*, 91 F.3d 1398, 1399 n.1 (10th Cir. 1996).

[7] Plaintiff's arguments were directed only at the timeliness of this lawsuit, rather than his original filing with the MSPB. Due to this Court's resolution of the case based on the untimely

time requirement is the argument he made to the MSPB concerning his counsel's lack of due diligence. Plaintiff is responsible for his counsel's errors that fall short of due diligence. *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990) (holding that EEOC time requirements should not be equitably tolled to excuse attorney error that is "at best a garden variety claim of excusable neglect"). No good cause exists to waive the MSPB time requirements, because "[o]ne who fails to act diligently cannot invoke equitable principles to excuse that lack of diligence." *Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 151 (1984). Thus Plaintiff's untimely filing amounts to a failure to exhaust administrative remedies. Because failure to exhaust administrative remedies bars suit in federal court, Plaintiff's claim should be dismissed.

**III. CONCLUSION**

      Because Plaintiff failed to timely exhaust his administrative remedies, he is barred from bringing civil action. Accordingly, Defendant's motion to dismiss is GRANTED.

                                        BRUCE D. BLACK
                                        United States District Judge

---

MSPB filing, the Court need not address arguments as to why the late filing of this lawsuit should be excused.